ON CONCESSION OF ERROR

PER CURIAM.
Petitioner, David M. Miller, seeks a writ of prohibition to prohibit the trial court from proceeding with the underlying action. The State commendably concedes that the petition should be granted.
Miller was charged in Seminole County Circuit Court Case No. 2013-CF000153A with unlawful travel to meet a minor and computer solicitation of a child. He filed an amended motion to dismiss information based on entrapment pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion on June 23, 2014. On July 2, 2014, the State filed a motion to rescind the court order dismissing the information and setting a hearing on Miller’s amended motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.192. On September 5, 2014, the trial court granted the State’s motion.
Miller then filed a petition for writ of prohibition in this Court. He contends that the trial court lacked jurisdiction to rescind its June 23, 2014, order of dismissal because, under rule 3.192, when the trial court failed to rule on the State’s motion, it was deemed denied.[1] Miller asks that this Court issue a writ preventing the trial court from acting in excess of its authority as the matter stands dismissed.
We issued an order staying the proceedings below and ordered the State to respond. In its response, the State agreed that the trial court had until August 4, 2014, to rule on the motion for rehearing, and when it failed to do so, the motion was deemed denied. No timely appeal was taken. As a result, the State concedes that the September 2, 2014, order rescind *56 ing the dismissal was a nullity and that the petition should be granted.
We accept the State’s concession and grant the petition for writ of prohibition. We quash the trial court’s September 5, 2014, “Order Rescinding This Court’s Order Dismissing The Information and Setting Defendant’s Amended Motion to Dismiss for Hearing.”
PETITION GRANTED; ORDER QUASHED.
PALMER, ORFINGER and BERGER, JJ., concur.

. Florida Rule of Criminal Procedure 3.192, effective in 2010, provides:
When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied. A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered 40 days from the order of which rehearing is sought, or upon the filing of a written order denying the motion for rehearing, whichever is earlier. This rule shall not apply to post-conviction proceedings pursuant to rule 3.800(a), 3.850, 3.851, or 3.853. Nothing in this rule precludes the trial court from exercising its inherent authority to reconsider a ruling while the court has jurisdiction of the case.